IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHEN D. KEENAN,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____/

No. 2:08-cv-02063 KJN

ORDER RE: SUPPLEMENTAL BRIEFING

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying, in part, plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act ("Act").[1] Plaintiff's motion for summary judgment contends that the Administrative Law Judge's ("ALJ") underlying determination that plaintiff is entitled to benefits as of May 1, 2006, but not as of plaintiff's alleged disability onset date of December 24, 2004, is not supported by substantial evidence or is based on legal error. Plaintiff requests a remand for the calculation and award of benefits for the period beginning

---

[1] This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(15) and 28 U.S.C. § 636(c), and both parties have voluntarily consented to proceed before a United States Magistrate Judge. (Dkt. Nos. 5, 7.) This case was reassigned to the undersigned by an order entered February 9, 2010. (Dkt. No. 14.)

1

December 24, 2004 or, alternatively, a remand for a new hearing and decision limited to the determination of the date of onset of plaintiff's disability.

The overarching dispute in this matter is whether the ALJ in this case properly determined the date when plaintiff became "disabled" within the meaning of the Act. The record in this case spans years and suggests a conflict and potential ambiguity regarding the correct onset date. Consistent with the policy statement contained in Social Security Ruling 83-20, the Ninth Circuit Court of Appeals has held that where the date of the onset of the disability is unclear, an ALJ commits reversible legal error by failing to call a medical expert or medical advisor before inferring an onset date. See, e.g., Armstrong v. Comm'r of Soc. Sec. Admin., 160 F.3d 587, 589-90 (9th Cir. 1998); DeLorme v. Sullivan, 924 F.2d 841, 848-49 (9th Cir. 1991); Morgan v. Sullivan, 945 F.2d 1079, 1082-83 (9th Cir. 1989); see also Quarles v. Barnhart, 178 F. Supp. 2d 1089, 1095-97 (N.D. Cal. 2001).

The parties' briefs on the pending cross-motions for summary judgment do not address whether the ALJ committed legal error by not calling a medical expert or advisor in this case and whether, as a result, remand would be required on that basis. Because the holdings of cases such as Armstrong, DeLorme, and Morgan at least appear to be implicated by the record in this case, the undersigned will order the parties to file supplemental briefing.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff and defendant shall each file and serve a supplemental brief addressing whether the ALJ committed reversible legal error in this case by failing to call a medical expert or medical advisor before determining the date of the onset of plaintiff's disability. The parties' respective briefs may address whether the parties believe that the holdings in cases such as Armstrong, DeLorme, and Morgan are not implicated by this case.

2. Each party's brief shall not exceed five (5) pages in length.

3. The parties shall file their briefs with the court no later than May 12, 2010, and the filing of such brief shall be simultaneous. No extensions of time to file shall be granted

absent a showing of extraordinary circumstances.

        4.    The parties will not be permitted to file written oppositions, and the court will not hear oral argument.

DATED: April 12, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

KJN:nkd